## GEORGE WATERS *vs.* INCREASE GILBERT.

Where, in an action for slander, in charging the plaintiff with altering and forging the records of a religious society, the defendant specified the truth of the charge in his defence, and set forth in his specification the entries alleged to be forged, it was held, that he might prove the forgery, by first introducing the book of records of the society, showing therein the entries alleged to be forged, and then proving by the testimony of the person who acted as chairman, and who also made minutes of the proceedings, what actually took place at the meeting.

A clerk *pro tempore* being appointed, who performs the duties of his appointment, and, through inadvertence, omits to enter the doings of the meeting in the book of records; the testimony of the chairman, who also took minutes for such clerk, is admissible, as secondary evidence, to prove the proceedings of the meeting.

Where a clerk *pro tempore* takes brief notes of the proceedings of the meeting at which he is appointed, for the purpose of a more extended record being made therefrom, until such extended record is made, the minutes are evidence in the nature of a record.

A deposition, with a paper annexed, being offered in evidence and objected to gen erally, and the objection being overruled, and the deposition and paper read to the jury; it was held, on exceptions, that, as no specific objection was taken at the trial to the use of the paper, such objection could not afterwards be made.

THIS was an action on the case for defamation, brought by the plaintiff, describing himself as the pastor and spiritual teacher of the church and society known by the name of the First Baptist Church in Amherst, against the defendant, for accusing the plaintiff of the crime of forgery, in altering the record of a vote of the church, fixing the plaintiff's salary at the sum of one hundred and fifty dollars, to a vote fixing it at five hundred dollars.

The defendant pleaded the general issue, and filed a speci- fication of defence, in which he alleged that the plaintiff had forged the records of certain meetings of the First Baptist Church in Amherst, held on the 1st of December, 1842, and

on the 15th of June, 1843, which records were set out at length in the specification.

To prove this allegation, the defendant first called Seth Clapp, who was the clerk of the church and also of the society, who produced the book of records of the church, and read therefrom a supposed record of two meetings of the church, purporting to be held on the 1st of December, 1842, and on the 15th of June, 1843, which were the records alleged in the specification to have been forged.

The defendant then offered, as tending to prove the defence above stated, the deposition of Peter Chase, with a paper thereto annexed, the latter purporting to be the minutes of a meeting of the Baptist Church and Society in Amherst, held on the 1st day of December, 1842.

The deponent, in his answer to the third interrogatory in the deposition, made the following statement : —

" On the evening of the 1st of December, 1842, a meeting of the society was held in the meeting-house of the Baptist church agreeable to notice given from the desk on the previous sabbath.    The clerk of the society (Mr. Wilson) being absent, the meeting was called to order by Mr. Barnard, the clerk of the church.    I was appointed chairman of the meeting, and Mr. Arba Barnard clerk *pro tempore.*  As Mr. Barnard was one of the standing committee of the society, who, by vote, was directed to communicate with Mr. Waters, and was so occupied during a part of the evening, and as he is a blacksmith and not a very ready writer, I made the minutes of the proceedings of the meeting.    These original minutes made by me that evening I still have, but I left with Mr. Barnard (the clerk *pro tempore*) a true copy of these minutes for him to record in the society's book.    These minutes, I believe, contain, according to my recollection, the true statement of the proceedings of that meeting ; and as I made them at the time, I have more confidence in them than I could have in my memory, and I will read them to show what was done."

The deponent then proceeded to read the minutes of the

proceedings of the meeting of the 1st of December, 1842, and the same were inserted in the deposition, as read by him, and make a part of his answer to the third interrogatory. The paper containing the original minutes is the paper annexed to the deposition.

The introduction of the deposition in evidence was objected to generally; but the objection was overruled, and the deposition and paper annexed were read to the jury. A verdict being rendered for the defendant, the plaintiff alleged exceptions.

*R. A. Chapman* and *E. Dickinson*, for the plaintiff.

1. The proceedings of the meetings in question could only be proved by the record, which was the best evidence; and secondary evidence was inadmissible for that purpose. 1 Greenl. Ev. § 86; 2 Stark. Ev. 570, 571; *Thayer* v. *Stearns*, 1 Pick. 109. It appearing that there was a society in existence, the presumption is, that it was regularly organized. The deposition shows that there was a clerk, who was alone competent to produce and exhibit the record; or, if there were no record, to explain why; and it is a sufficient ground for the objection, if it appear, in any manner, that the clerk was not called. *Comm'th* v. *Kinison*, 6 Mass. 646. Whether the society was a voluntary association, or a corporation, if it held a meeting, the proceedings at such meeting could only be proved by a record, and no such record was produced. If the witness had merely negatived the alleged proceedings, the evidence might have been admissible; but he went further and testified to the proceedings of another meeting, which he was not competent to prove.

2. The paper annexed to the deposition, the contents of which were introduced by the deponent in his testimony, could only be used by the witness to refresh his memory, but was not admissible in evidence. *Doe* v. *Perkins*, 3 T. R. 749; *Burrough* v. *Martin*, 2 Camp. 112; *Kensington* v. *Inglis*, 8 East, 273, 287; *Burton* v. *Plumer*, 2 Ad. & Ell. 341; *Rex* v. *Ramsden*, 2 C. & P. 603; *Lawrence* v. *Barker*, 5 Wend. 301, 305; *Gregory* v. *Tavernor*, 6 C. & P. 280; *Juniata*

3 *

*Bank* v. *Brown,* 5 S. & R. 226; *Smith* v. *Lane,* 12 S. & R. 80, 87.

*C. P. Huntington,* for the defendant.

The whole of the deposition, and not any particular part of it, being objected to, if there was any thing in it which was proper evidence, the whole was admissible. If an objection had been made, at the trial, to the part now complained of, that part might have been withdrawn.

It is argued, that the proceedings of a voluntary association can only be proved by a record. But Chase, the deponent, was the presiding officer, and also acted as clerk; and his minutes of the proceedings are in the nature of a record.

As to the other objection, that the paper which was read to the jury could only be used to refresh the recollection of the witness, the deponent says, in effect, that he testifies independently of it; he uses his memory to confirm his minutes, and not his minutes to confirm his memory. It is not necessary, therefore, to discuss the question, whether a paper, which is used by a witness to refresh his recollection, can be admitted to go to the jury; the law may be as stated or not; the question does not arise.

*Chapman,* in reply, said, that the existence of a record and clerk implied that the society was a corporate body; and the chairman of the meeting was not the proper person to make or keep a record, or to account for the want of one.

SHAW, C. J. This is an action on the case for slander, brought by the plaintiff as the minister of a Baptist church and society in Amherst, against the defendant, for charging the plaintiff with having altered and forged a vote of the church, fixing the plaintiff's salary, to a larger sum than that established by the vote as actually passed. The defendant pleaded the general issue, and specified in his defence the truth of the words spoken.

It appears by the bill of exceptions, that, in the course of the trial, in the court of common pleas, it became necessary for the defendant to prove, that certain proceedings, which by the records appeared to have taken place, at a particular time,

did not take place, at that time, but that certain other proceedings then occurred. The records being produced, and there being no entry therein of the last mentioned proceedings, the question was, whether the existence and votes of the meeting, at which they were alleged to have taken place, could be proved by secondary evidence. Such evidence was admitted, and this court are of opinion that it was properly admitted. We are not to expect the same exactness and fulness in such records as in those of a court, or of a corporation, competent to employ and retain, and also to make an adequate compensation to, a secretary or clerk of skill and experience. The clerk may be absent, and a clerk *pro tempore* may be appointed, who may perform the duties of clerk for the time being, an entry of which, through inadvertence, may not be made on the book. Such appears to have been the fact in the present case, from the testimony of Chase, who acted in that capacity. This testimony is competent as secondary evidence ; the book of records, which contains no notice of such a meeting, having been first introduced.

The second exception is to the paper annexed by Chase to his deposition, which, it was contended, could be used only as a memorandum to refresh the memory of the witness, and ought not to have been read in evidence.

We are inclined to think that the memorandum was not a mere memento made by the witness for the purpose of refreshing his own recollection, as contemplated in the objection ; but that it is to be regarded as brief notes taken by the witness in his official capacity, as clerk *pro tempore* of a corporation, from which notes a more extended record might have been made up and entered with the records of the corporation. If so, until such extended record is made, the minutes are evidence *per se* in the nature of a record. *Pruden v. Alden*, 23 Pick. 184.

But the ground, upon which the exception is overruled, is, that, at the trial, no specific objection was taken to the use of this memorandum, and a general objection to the use of the deposition is not equivalent. If such specific objection had

been made to the paper, it might have been withdrawn ; and perhaps the evidence would have been quite sufficient without it.   The objection now comes too late.

*Exceptions overruled.*